**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martine Park,<br><br>        Plaintiff,<br><br>v.<br><br>Brenda Halvorson,<br><br>        Defendant. | No. CV-24-08177-PCT-JAT<br><br>**ORDER** |

This case was recently reassigned to the undersigned because it is related to CV 24-8176-PCT-JAT, which was also assigned to the undersigned. In fact, the complaint that is the basis for the notice of removal in CV 24-8176 is nearly identical to the complaints in CV 24-8177 and CV 24-8178. These three cases were removed from a state court; it is unclear why these cases were not consolidated as a single case.

In CV 24-8176, this Court concluded that there was not federal subject matter jurisdiction. Specifically, the Court stated:

> Plaintiff, pro se, filed this case in Flagstaff Justice Court. Plaintiff's complaint is in a narrative form that generally alleges that Defendant, Lon Halvorson, is responsible for Plaintiff's unpaid medical debts. (Doc. 1-1 at 14). Plaintiff claims she "worked hard" for Defendant's company, which the Court interprets as an allegation that Plaintiff formerly worked for Defendant and that her claim for payment of her medical bills arises from that relationship. (*Id.*).
> Defendant removed this case to federal court claiming it arises under ERISA. (Doc. 1 at 2). Specifically, although the narrative complaint does not say this, Defendant asserts: "Plaintiff's complaint asserts a claim for benefits under a Group Medical Plan ('the Plan') provided by Defendant's former employer. The Plan is an employee welfare benefit plan established by the employer and is governed by … ERISA." (*Id.*).
> Notwithstanding his argument that this case arises under ERISA,

Defendant claims that he cannot be sued under ERISA because he is not a proper Defendant under ERISA. (Doc. 6 at 1-2). Specifically, Defendant states, "Defendant denies that he is a proper defendant in this matter, denies having any legal responsibility for the losses alleged to be incurred by Plaintiff, and denies that any of the actions or decisions alleged in the Complaint can legally be imputed to him." (*Id.*). Defendant's denials undercut his argument that this case arises under ERISA because, typically, when a case really "arises" under ERISA, a defendant who is responsible for payment of benefits under an ERISA plan is sued.

Additionally, the Court has read the complaint multiple times, and while the legal basis for the complaint is unclear, what is clear is that Plaintiff claims *Lon Halvorson* owes the money for her unpaid medical debt. (Doc. 1-1 at 14). Specifically, Plaintiff claims, "[Lon Halvorson was] to pay $6500 of the medical bills and I was to pay around 600…." (*Id.*). In other words, Plaintiff does not suggest that an insurance company (through an ERISA plan or otherwise) improperly denied her benefits. Thus, it is not at all clear to this Court that Plaintiff is making a claim for benefits that would invoke ERISA jurisdiction.

Based on the foregoing, the Court is doubtful it has subject matter jurisdiction because it is unclear that this case actually arises under ERISA.[1] Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 997 (9th Cir. 2007). Thus, the Court is not inclined to read into Plaintiff's complaint claims that are not present solely to create federal subject matter jurisdiction. This conclusion is bolstered by the fact that Defendant's interpretation of the complaint is very favorable to *him* because he claims he cannot be liable under ERISA.[2]

Moreover, if this case in fact arises under ERISA, the Court is in a procedural conundrum. Defendant answered the complaint and did not move to dismiss, which triggers a scheduling order under Federal Rule of Civil Procedure 16. Typically, an ERISA scheduling order requires the defendant to file the administrative record, then the parties file opening, response and reply briefs regarding the claim for benefits based on the administrative record. Here, however, based on Defendant's answer, Defendant presumably does not have the administrative record and would argue he is not the proper party to brief the benefits issue. Conversely, if this Court issued a traditional scheduling order setting deadlines for completing discovery and disclosing experts, that would be inconsistent with an ERISA case. There is no realistic way for this Court to process a case in which Defendant claims the case arises under ERISA while simultaneously claiming (via the answer) that this case cannot proceed under ERISA.

Finally, it is the burden of the party asserting federal subject matter jurisdiction to establish jurisdiction. *Nishimoto v. Federman–Bachrach & Assoc.,* 903 F.2d 709, 712 n.3 (9th Cir. 1990). In this case, Defendant removed the case to federal court and, thus, has the burden. For all of the foregoing reasons, the Court finds that Defendant has failed to sustain his burden of showing that this case arises under ERISA. If at any point Plaintiff amends her complaint to make a claim for benefits that more clearly invokes ERISA, Defendant can re-removed to federal court. But on this record, the Court cannot conclude that this case arises under ERISA.

---

[1] *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–94, (1998) (federal courts may raise subject matter jurisdiction sua sponte).

[2] *See generally Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc) (discussing who qualifies as a proper defendant under ERISA).

- 2 -

*Park v. Halvorson,* CV 24-8176-PCT-JAT (October 2, 2024) (footnotes in original). [3]

This Court reaches the same conclusion, for the same reason, in this case. Specifically, the complaint indicates that Brenda Halvorson personally owes Plaintiff the money for unpaid medical debts. (Doc. 1-1 at 12). Plaintiff does not claim that she was denied benefits through an ERISA plan or otherwise. Thus, Defendant has failed to sustain its burden, on removal, of establishing federal subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** remanding this case to the Flagstaff Justice Court, County of Coconino, due to lack of federal subject matter jurisdiction.

Dated this 10th day of October, 2024.

James A. Teilborg
Senior United States District Judge

---

[3] CV 24-8178-PCT-JJT was also remanded to state court. Specifically, that Court stated:

> Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and doubts about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); see 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).
> As Judge Teilborg found in a sister case in this District, the allegations in the Complaint do not lead the Court to the conclusion that it has subject matter jurisdiction over this matter. (*See* Case No. CV-24-08176-PCT-JAT, Doc. 7.) Plaintiff brings her claim for payment of a portion of her medical bills against Defendant as an individual based on an alleged contractual agreement; Plaintiff does not allege an insurance company or other ERISA plan administrator improperly denied her medical benefits to which she was entitled. Plaintiff is the master of her Complaint and, as Judge Teilborg observed, the Court cannot read allegations into Plaintiff's Complaint that are not present to establish subject matter jurisdiction. (Case No. CV-24-08176-PCT-JAT, Doc. 7.) Accordingly, the Court must remand this case to Flagstaff Justice Court.

(Doc. 7 in CV 24-8178).